UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

SUSAN BODDEN-EICHSTEADT
8975 North 70th Street
Milwaukee, WI 53223

    Plaintiff,

    v.                                   Case No: 19-CV-1556

ALFONSO MORALES, individually
749 West State Street
Milwaukee, WI 53233

    and                             **JURY TRIAL DEMANDED**

MARYNELL REGAN, individually
901 North 9th Street, Room 303
Milwaukee, WI 53233

    and

CITY OF MILWAUKEE
City Hall, Room 205
200 East Wells Street
Milwaukee, WI 53202

    Defendants.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Susan Bodden-Eichsteadt, by her counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorney Janet L. Heins, as and for a claim against the Defendant, alleges and shows to the court as follows:

## JURISDICTION AND VENUE

1. This is a 42 U.S.C. §§ 1983 and 1988 *et seq.*, statutory action, *inter alia,* seeking backpay, damages, attorney fees, and all other damages available from Defendant for violations of Plaintiff's right to freedom of speech, equal employment and equal protection of the laws.

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343, as this case involves the deprivation of civil rights.

3. Venue with regard to Plaintiff's claims is vested in this Court pursuant to 28 U.S.C. § 1391(b), *inter alia*. The unlawful employment practices alleged herein were committed in the Eastern Judicial District of the State of Wisconsin.

## THE PARTIES

4. Plaintiff, Susan Bodden-Eichsteadt, is an adult resident of the State of Wisconsin, residing in Milwaukee County at 8975 North 70th Street, Milwaukee, WI 53223.

5. Defendant, Alfonso Morales, is the Milwaukee Chief of Police, with a principal address of 749 West State Street, Milwaukee, WI 53233. At all times material herein, Defendant acted "under color of law" and was a final policymaker for Defendant City of Milwaukee as to the employment of civilian, non-sworn personnel by Defendant City of Milwaukee within the meaning of 42 U.S.C. § 1983.

6. Defendant, MaryNell Regan was, at all times material herein, the Executive Director of the Milwaukee Fire & Police Commission, with a principal address of 901 North 9th Street, Room 303, Milwaukee, WI 53233. At all times material herein, Defendant acted "under color of law" and was a final policymaker for Defendant City of Milwaukee as to the employment of personnel by Defendant City of Milwaukee's Fire & Police Commission within the meaning of 42

U.S.C. § 1983.

7. Defendant, City of Milwaukee was, at all times material herein, a Wisconsin municipal corporation, with a principal address of City Hall, Room 205, 200 East Wells Street, Milwaukee, WI 53202. At all times material herein, Defendant acted "under color of law" within the meaning of 42 U.S.C. § 1983.

## THE FACTS

8. Plaintiff was hired by Defendant City of Milwaukee's Police Department in 2007 as a Police Services Special Investigator in the Human Resources Division, Background Investigations unit. She worked in that civilian, unsworn position for Defendant until 2009.

9. In 2009, Defendant assigned Plaintiff to work at Defendant's Fire & Police Commission on a leave of absence from the Milwaukee Police Department approved annually by Defendant City of Milwaukee.

10. While she worked at Defendant's Fire & Police Commission, Plaintiff performed investigative work under the Executive Director of the Milwaukee Fire & Police Commission, Defendant MaryNell Regan.

11. At all times material herein, Plaintiff performed her work duties in accordance with the reasonable expectations of the Defendants. She received a 1.5% salary increase a month and a half prior to her termination.

12. Defendant Regan had a reputation during Plaintiff's employment by Defendants of going on frequent drinking outings with friends and co-workers.

13. Interim Police Chief Defendant Alfonso Morales took office on February 16, 2018.

14. Interim Chief Defendant Morales was sworn into office by Defendant Regan, who

3

had a close relationship with Defendant Morales.

15. On or about Friday, March 9, 2018, in a chance meeting during her workday, Plaintiff spoke to Alexis Peterson, a staffer of Defendant City of Milwaukee's Mayor Tom Barrett, as a matter of public concern, about Plaintiff's recent observations of Defendant Regan's disturbing appearance and demeanor at work.

16. Plaintiff told Ms. Peterson that Regan had been out of the office unexpectedly for the past three weeks, and that at a morning staff meeting upon her return, Defendant Regan came to the meeting late, she was disheveled, and her hands were shaking badly in what appeared to Plaintiff to be an apparent sign of alcohol withdrawal.

17. Plaintiff mentioned to Ms. Peterson that she had confirmed these observations of Regan with a paralegal also in the meeting, who agreed with Plaintiff that Defendant Regan's appearance and behaviors at the meeting appeared to be symptoms of alcohol withdrawal.

18. Ms. Peterson and/or someone in Mayor Barrett's office informed Defendant Regan about Plaintiff's observations made as a matter of public concern to Ms. Peterson.

19. One or more persons working for Defendant City of Milwaukee informed Interim Chief Defendant Morales of Plaintiff's statements on a matter of public concern regarding Defendant Regan.

20. The next business day after Plaintiff's statements on a matter of public concern to Ms. Peterson, Monday, March 12, 2018, Defendant Regan called Plaintiff into Defendant Regan's office and fired her summarily, without requesting information from her or providing her a reason for her termination, except for noting that Plaintiff's termination was NOT disciplinary in nature.

21. On Tuesday, March 13, 2018, Plaintiff submitted a written request to Defendant City of Milwaukee's Human Resources Department to be reinstated to her prior Milwaukee Police

Department position as a Police Services Special Investigator in the Milwaukee Police Department's Human Resources Division, Background Investigations unit.

22. On Friday, March 16, 2018, Ms. Arvis Williams from Defendant City of Milwaukee's Human Resources Department called Plaintiff to tell her that Plaintiff would NOT be reinstated to her prior position and that no reason was given by Interim Chief Defendant Morales for that decision.

23. On March 29, 2018, Plaintiff received Defendant City of Milwaukee's Personnel Order that date terminating Plaintiff's employment with Defendant City of Milwaukee, signed by Defendant Morales.

24. Defendants Regan and Morales met frequently at Defendant Regan's office in February and March 2018, and on information and belief discussed Plaintiff's statements on a matter of public concern.

25. Upon the orders of Defendant City of Milwaukee's Mayor Tom Barrett, Defendant Regan resigned her position as Executive Director of the Fire & Police Commission effective April 23, 2018.

26. Defendant City of Milwaukee posted Plaintiff's prior Fire & Police Commission job after her termination by Defendants.

27. At all times material herein, Defendants knew or should have known that Plaintiff was entitled to the full protection of the First Amendment to the United States Constitution.

28. Defendants knew, or should have known, that they had a duty to evaluate whether federal and state laws were being violated in its treatment of the Plaintiff's situation, but they, with deliberate indifference and without rational basis, disregarded that duty in terminating Plaintiff on the basis of her protected speech on a matter of public concern.

29. Defendants had a duty to consider whether the Plaintiff's treatment was appropriate under their own policies and under the federal and state laws prohibiting violation of free speech rights in Plaintiff's employment with them, but they ignored that duty and terminated her employment.

30. The discriminatory customs, policies and practices referred to in the above paragraphs were a proximate cause of Plaintiff's injuries.

## CONSTITUTIONAL CLAIM FOR RELIEF

31. Plaintiff incorporates by reference and realleges paragraphs 1-30 herein.

32. Defendants unlawfully and deliberately terminated Plaintiff's employment for making public statements on a matter of public concern criticizing the impaired appearance and conduct in office of the Executive Director of the Fire & Police Commission in violation of the First and Fourteenth Amendments to the U.S. Constitution and in violation of Plaintiff's free speech rights as protected by 42 U.S.C. §§ 1983, 1988.

33. As a direct, foreseeable, and proximate result of Defendants' termination of her, Plaintiff has suffered injury and damages in the form of lost wages, lost employment benefits, pain and suffering, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment that the acts, policies, practices and procedures of Defendants violated the rights of the Plaintiff under the First and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. § 1983, *et seq.*;

2. Issue a permanent injunction against future acts, policies, practices and procedures that violate the First and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. § 1983, *et seq.*, by Defendants;

3. Order Defendants to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, compensatory and punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

4. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 42 U.S.C. § 1988 et al., and all other applicable statutes and provisions; and

5. Grant to Plaintiff whatever other relief this Court deems just and equitable.

Dated this 24th day of October, 2019.

> HEINS EMPLOYMENT LAW PRACTICE LLC
> Counsel for the Plaintiff
>
> *s/ Janet L. Heins*  .
> Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
200 South Executive Drive, Suite 101
Brookfield, WI  53005
(262) 241-8444 voice
e-mail: jheins@heinslawoffice.com